USCA1 Opinion

 

 July 15, 1994 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-2169 UNITED STATES, Appellee, v. WAYNE STRAW, Defendant, Appellant. ____________________ ERRATA SHEET The opinion of this Court issued on July 11, 1994 is amended as follows: Page 4, line 21 change the number "15" to "16" July 12, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-2169 UNITED STATES, Appellee, v. WAYNE STRAW, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ___________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ___________________ William A. Hahn and Hahn & Matkov on brief for appellant. _______________ _____________ Donald K. Stern, United States Attorney, and Robert E. _________________ __________ Richardson, Assistant United States Attorney, on brief for __________ appellee. __________________ __________________ Per Curiam. Wayne Straw appeals his conviction and __________ sentence for illegal reentry into the United States after deportation, 8 U.S.C. 1326. We summarily affirm pursuant to Loc. R. 27.1. Background __________ On January 11, 1990, the United States Immigration and Naturalization Service deported Straw from the United States to Jamaica. Prior to his deportation, Straw had been twice convicted in Dorchester District Court for possession of marijuana (once in 1981 and again in 1982). Straw was found in the United States in February, 1993. A federal grand jury, in a one-count indictment, charged him with unlawful reentry after deportation in violation of 8 U.S.C. 1326(a) and (b)(2). Straw pleaded guilty, preserving his right to appeal his sentence. Adopting the factual findings and recommended sentencing guideline application contained in Straw's presentence report, the district court increased Straw's base offense level by 16, pursuant to U.S.S.G. 2L1.2, on account of his 1981 and 1982 convictions for "aggravated felonies." A total offense level of 21 and a criminal history category of III yielded an imprisonment range of 46 to 57 months. The court sentenced Straw to 46 months in prison. -2- Discussion __________ Straw argues on appeal that the sentencing court erred in increasing his base offense level pursuant to U.S.S.G. 2L1.2, which provides, in relevant part, as follows: (2) If the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels. The statutory authority for this guideline provision is found in 8 U.S.C. 1326(b), which imposes a maximum penalty of 15 years for the crime of illegal reentry following deportation "subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. 1326(b)(2). The Anti-Drug Abuse Act of 1988 (the "ADAA") added subsection (b) to 1326. On appeal, Straw contends, as he did at his sentencing hearing, that the use of his prior convictions to enhance his sentence under 1326(b)(2) violates the ex post facto clause of the Constitution. Specifically, Straw argues that at the time of his convictions for marijuana possession, those offenses did not constitute "aggravated felonies." Not until 1988, when Congress enacted the ADAA, did the law classify possession of marijuana as an "aggravated felony," enhancing the penalty for illegal reentry. See 8 U.S.C. 1101(a)(43) ___ and 1326(b)(2). Therefore, Straw reasons, to enhance his sentence based upon convictions that pre-dated the amendment adding the enhanced penalty provision would violate the ex post facto clause's prohibition against the retrospective -3- application of laws that materially disadvantage the defendant. See U.S. Const. art. I, 9, cl. 3. ___ We recently rejected an identical argument in United ______ States v. Forbes, 16 F.3d 1294 (1st Cir. 1994). As we ______ ______ reasoned there, the enhancement provision increases the punishment for the crime of unlawful reentry and does not affect the punishment that Straw received for the offenses he committed before the effective date of the ADAA. See id. at ___ ___ 1302. "As the Gryger [v. Burke, 334 U.S. 728 (1948)] Court ______ _____ observed, the fact that prior convictions that factored into a defendant's increased sentence preceded the enactment of an enhancement provision does not render the Act invalidly retroactive." Id. Therefore, we hold that Straw's conviction ___ and sentence do not violate the ex post facto clause. To the extent that appellant argues, as a matter of statutory construction, that Congress did not intend 1326(b)(2) to apply retroactively to a defendant who was convicted and deported prior to enactment of the ADDA, we have also recently rejected precisely that argument. See ___ United States v. Troncoso, No. 93-2130, slip op. at 8 (1st ______________ ________ Cir. May 18, 1994); see also United States v. Forbes, 16 F.3d ___ ____ _____________ ______ 1294 (upholding application of 1326(b)(2) based on aggravated felony convictions that occurred prior to effective date of ADAA). -4- Straw's final argument is that the "rule of lenity" should bar the application of the enhancement provision in this case. The rule of lenity requires, in certain circumstances, that ambiguity in criminal statutes, including sentencing provisions, be resolved in defendant's favor. See ___ United States v. Granderson, 114 S. Ct. 1259, 1267 (1994); _____________ __________ United States v. Bass, 404 U.S. 336, 347 (1971). Straw has _____________ ____ failed to convince us, however, that there is ambiguity about whether 1326(b) was intended to apply to a defendant who was convicted and deported prior to enactment of the ADDA, but illegally reentered the country thereafter. In United ______ States v. Troncoso, No. 93-2130, slip op. at 8, we affirmed ______ ________ the district court's application of 1326(b)(2) to enhance a sentence for illegal reentry by an alien convicted and deported prior to the ADAA's enactment, based upon the "plain meaning of the provision." We noted there that "the Act provided that the amendment adding section 1326(b) 'shall apply to any alien who enters, attempts to enter, or is found in, the United States on or after the date of the enactment of this Act.'" Id. at 6. The rule of lenity "cannot dictate ___ an implausible interpretation of a statute . . . ." Taylor ______ v. United States, 495 U.S. 575, 596 (1990). Therefore, we _____________ decline Straw's invitation to apply the rule of lenity here. For the foregoing reasons, Straw's conviction and sentence are summarily affirmed pursuant to Loc. R. 27.1. -5-